# IN THE COURT OF APPEALS OF IOWA

No. 18-1335
Filed October 10, 2018

**IN THE INTEREST OF M.A.,**
**Minor Child,**

**M.A., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

     The mother appeals the termination of her parental rights to her child. **AFFIRMED.**

     Kathryn E. Davis, Cedar Rapids, for appellant mother.

     Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

     Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, guardian ad litem for minor child.

     Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

The mother appeals the termination of her parental rights to M.A., born January 2015.[1] She argues the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(g) or (h) (2017), termination is not in the best interests of the child, and the strong bond between her and her child precludes termination under Iowa Code section 232.116(3). We find the State has proved the grounds for termination by clear and convincing evidence, termination is in the best interests of the child, and there is nothing hindering termination.

## I. Background Facts and Proceedings

The Iowa Department of Human Services (DHS) first took notice of this family in April 2017, when M.A. was admitted to the hospital with a broken left tibia. The incident occurred the day the mother was released from jail, during which time her live-in boyfriend had been caring for M.A.[2] Initially, hospital staff believed the explanation for the injury was suspicious and reported possible child abuse. An assessment was performed, and it was determined the injury could have been the result of an accident. The mother admitted she and her boyfriend recently used methamphetamine while M.A. was present in the home. A safety plan was constructed and provided that both would refrain from using illegal substances, both would participate in random drug testing, and M.A. would be subject to a hair-

---

[1] A paternity test was performed in January 2018 identifying the father, who then consented to the termination of his parental rights. He does not appeal.

[2] In March 2017, the mother was arrested for a drug-delivery offense in violation of Iowa Code section 124.401(1)(b)(7) and a charge of failure to affix a tax stamp. She was incarcerated from approximately March 11 to April 1.

stat test. The safety services included a daily check on M.A. and required the boyfriend's mother to assist with the care of M.A.

On April 19, M.A.'s hair-stat test results were positive for exposure and ingestion of methamphetamine. On April 21, the mother took M.A. to the hospital and demanded the cast be taken off M.A.'s leg despite medical advice that it remain in place for another four weeks. M.A. arrived without a diaper and was only wearing an adult-sized sweater soiled with urine. Hospital staff reported the mother's erratic behavior and noted she displayed characteristics of being under the influence of drugs, including jerky motions, unstable gait, and poor eye contact. On May 1, the mother's drug test results were positive for ingestion of methamphetamine and amphetamines. With the mother's stipulation that it was in the best interest of M.A. to be removed from her custody, M.A. was placed in the care of a foster family.

On May 30, with the mother's written stipulation, M.A. was adjudicated as a child in need of assistance. Various services were offered or provided, including Family Treatment Court; drug testing; transportation assistance; parenting assistance; Family Safety, Risk, and Permanency services (FSRP); substance-abuse referrals; family team meetings; and mental-health referrals. The mother attended most of the supervised visitations with M.A. The mother also claimed she remained sober; however, she had multiple positive drug tests that indicated continued use of marijuana and methamphetamine. The mother insisted any positive test result was due to environmental exposure to drugs.

The State filed a petition to terminate parental rights in November. The petition alleged the mother had made minimal progress since the case was opened

and she continued to struggle with substance abuse. Additionally, the petition outlines the mother's history, which includes a prior arrest on drug-related charges, a prior termination of rights with respect to another child, and substance abuse.[3]

On July 18, 2018, the district court found the State had proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(g) and (h). The mother appeals.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *Id.*; *accord* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated."). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III. Grounds for Termination

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find

---

[3] In December 2000, the mother's rights to another child were terminated. The order for the earlier case noted multiple concerns including the mother's criminal history and drug use. It also stated the mother was "in complete noncompliance with her case plan."

supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).[4]   The mother argues the district court erred in determining the State proved by clear and convincing evidence that parental rights should be terminated under Iowa Code section 232.116(1)(h).   She specifically challenges the State's establishment of subsection (4), that M.A. could not be returned to her at the present time.[5]   While the mother has participated in some services offered, her sobriety continues to be a concern.   At the time of the termination hearing, the mother had lost her place of residence at transitional housing due to the positive drug tests and had failed to secure a new residence.   The termination order notes the mother agreed the child could not be returned to her home and that she was preparing for homelessness.

The mother's struggle with sobriety has continued for many years as evidenced by her prior termination of parental rights in 2000.   While the mother asserts she is sober and provides various explanations for her positive drug tests, an employee at the drug-testing facility testified that a test would only be "positive" if the individual had consumed or used the drug and would not be positive, at the

---

[4] The mother appeals the grounds for termination under subsection (g) and (h) of Iowa Code section 232.116(1).   We find the State has met its burden of proving grounds for termination under Iowa Code section 232.116(1)(h) and decline to discuss subsection (g).

[5] The relevant subsection provides parental rights may be terminated when:

The court finds that all of the following have occurred:
(1)  The child is three years of age or younger.
(2)  The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3)  The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4)  There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

resulting levels, if the individual was merely exposed to the drug. The district court found, and we agree, there is no "merit in [the mother's] contention that the positive drug tests are the result of environmental exposure" and the evidence presented demonstrated "the tests are a result of the ingestion of the drug."

> [I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future. . . . Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting.

*In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). The mother continues to test positive, and the last positive test listed in the record was approximately one week before the termination hearing. Therefore, the State proved by clear and convincing evidence that the child could not be returned to the mother's care at the present time and termination is warranted under Iowa Code section 232.116(1)(h). *See id.*

### IV. Best Interests of the Child

The mother next argues the court improperly determined that termination is in the best interests of the child. "In considering whether to terminate the rights of a parent . . . , the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The mother claims the child's relationship with her must be maintained because she is the only parent the child has ever known since the father was not involved in the child's life.

Considering the child's safety, termination of the mother's parental rights is in the child's best interests. M.A. was exposed to many risks by having caretakers who abused illegal substances, and since the mother fails to demonstrate sustained sobriety, the child remains at risk for drug exposure.[6] Based on this evidence, the district court did not error in determining termination is in M.A.'s best interests.

## V. Nothing in the Record Precludes Termination

Finally, the mother claims the district court should have found her bond with the child precludes termination. "A strong bond between parent and child is a special circumstance which mitigates against termination when the statutory grounds have been satisfied." *N.F.*, 579 N.W.2d at 341; *see* Iowa Code § 232.116(3)(c). However, this "is not an overriding consideration, but merely a factor to consider." *N.F.*, 579 N.W.2d at 341.

The district court stated there was no doubt the mother loved M.A. but that love "is not sufficient to give the child the safety and permanency that she deserves." The evidence in this case shows, at the time of the termination hearing, the mother was unable to provide a safe and permanent home for M.A. Furthermore, a DHS worker testified the mother "has shown that her need to use substances is much stronger than her desire or her need to be a mom." We agree the bond between the mother and child is insufficient to preclude termination. *See* Iowa Code § 232.116(3)(c).

---

[6] Although the mother continued to deny any drug use, at a DHS safety check on May 2, 2017, M.A. brought a methamphetamine pipe to a social worker.

**VI. Conclusion**

We conclude the State proved by clear and convincing evidence the grounds for termination of the mother's parental rights. Additionally, we find termination is in the best interests of the child and any bond between the mother and M.A. does not preclude termination.

**AFFIRMED.**